SCHOOL DISTRICT OF THE CITY OF LINCOLN V. FERDINAND C. FISKE.

FILED DECEMBER 5, 1900.  No. 11,515.

1. **Res Adjudicata:** FORMER APPEAL. Ordinarily, this court will not re-examine questions of law presented and determined on a prior appeal of the same cause.

2. **Levy of Taxes:** GENERAL FUND OF SCHOOL DISTRICT: COLLECTION: WARRANT. Taxes levied to create a general fund of a school district constitute a fund against which warrants may be drawn within the amount of such levy, although the money may not have been collected and on hand in the fund with which to pay the same.

3. **Admission of Testimony:** RULINGS OF TRIAL COURT. Rulings of the trial court on the admission of testimony upheld.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J. *Affirmed*.

*A. C. Ricketts* and *H. H. Wilson*, for plaintiff in error.

*Stewart & Munger*, contra.

NORVAL, C. J.

This case is before us for the second time. A statement of the facts will be found in the opinion as reported in 58 Nebr., 163, and need not be repeated here. On the former hearing it was decided that architectural plans, specifications and detail drawings provided by Fiske were not parts of a building, and therefore did not fall within the provisions of the school law which require school officers to have the authority of the voters of the district before erecting school buildings, etc., but that the board might use money out of the general fund to

procure plans and specifications as an aid either to the legal voters in voting on the question of bonds for the purpose of raising money for a school building, or as a preliminary to determine what kind of buildings should be constructed, had the voters already authorized them to erect such a structure. On the last trial of the case in the district court plaintiff was successful, and the school district brings error here, claiming that the evidence below establishes the fact that bonds had already been voted for the erection of the building, which bonds were afterward found to be illegal; that the plans in question were prepared with the intention of erecting a building previously determined on, but which was abandoned because of the illegality of the bonds, and that these facts make these plans a part of the building. It does not occur to this court that it is material whether these plans were prepared before or after the bonds were voted, or whether they were made with a view to be used in the building of a structure already determined upon, or not. We are satisfied with the doctrine declared on the former hearing, and upon the rehearing of the same (59 Nebr., 51), and do not think the facts proved or sought to be proved by defendant take the case out of that rule. Further, the principle therein laid down is the law of the case, and for that reason will not be made a subject for re-examination. *Leavitt v. Bell*, 59 Nebr., 595; *Todd v. Houghton*, 59 Nebr., 538; *State v. Commissioners of Cass County*, 60 Nebr., 566; *Ripp v. Hale*, 45 Nebr., 567; *Coburn v. Watson*, 48 Nebr., 257; *Fuller v. Cunningham*, 48 Nebr., 857; *Omaha Life Ass'n v. Kettenbach*, 55 Nebr., 330.

We have examined the arguments of counsel wherein it is sought to take this case out of the doctrine of the law of the case, but we are convinced that the rule applies, and that the court below committed no error in either admitting or rejecting evidence relative to this issue. It is contended, however, that, although it may be held that the indebtedness incurred by the district

School District v. Fiske.

for these services is payable out of the general fund, that at the time the contract was made and the indebtedness created there was no money in this fund with which to pay for them, and that for that reason the contract of the board was void. There is no express limitation of the kind suggested by statute placed upon school boards, and in the absence thereof this court would be very reluctant to declare such a rule. To do so would cripple many school districts, for out of this fund most of the money which goes toward maintaining public schools must come, and it is not always possible to have money in this fund at all times during the school year to maintain them and keep them open to pupils. The taxes had been levied to create the general fund and the amount of such levy had not been exhausted. This was sufficient to constitute a fund against which warrants may be drawn. *Zimmerman v. State*, 60 Nebr., 633. No error occurred in the refusal of the court to admit evidence tending to show the condition of the general fund at the time the contract was entered into, and at subsequent times.

The evidence discloses that a portion of the plans furnished were what are commonly known as blue prints, and not the original drawings prepared by the architect. On the trial the blue prints were received in evidence; to their introduction objection was made by defendant, and it is claimed that this ruling constituted reversible error, because the blue prints were not the best evidence. It is further claimed that the fact that the original drawings were not delivered to the school district precluded plaintiff below from recovering, as the furnishing of the blue prints alone did not constitute a delivery. On the first point it is urged that the blue prints are analogous to letterpress copies of letters, which this court has frequently ruled are not the best evidence. This contention, however, is not tenable, for the blue prints offered in evidence were the very plans that were delivered to the school board, and are, therefore, the best and not

secondary evidence. We think the blue prints were "plans," as required by the terms of the contract, and that the question of whether they were the original drawings and plans or merely *fac simile* copies of the same is not material, particularly as the contract was one for services to be rendered by plaintiff rather than for certain plan or plans. Further, the board accepted these blue prints, and never made any objection to them, nor is any complaint made even now that these plans were in anywise defective or incomplete.

We have examined the other objections made by counsel, and we are of the opinion that no error occurred at the trial for which the judgment should be reversed, and it is therefore

AFFIRMED.